SUMMARY ORDER

Petitioner Qing Lin, a native and citizen of the People’s Republic of China, seeks review of the April 16, 2008 order of the BIA denying her motion to reopen. In re Qing Lin, No. A096 037 311 (B.I.A. Apr. 16, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA did not abuse its discretion in denying Lin’s motion to reopen as untimely. As the BIA noted, its prior decision was issued in June 2006, but Lin did not file her motion until January 2008, well beyond the 90-day deadline. See 8 C.F.R. § 1003.2(c)(2). There is no time limit for filing a motion to reopen “based on changed circumstances arising in the country of nationality or in the counry to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(h). Here, however, the BIA properly found that Lin’s motion did not qualify for such an exception.
The BIA explicitly considered the 2006 U.S. Department of State International Religious Freedom Report, which was the only evidence that Lin submitted in support of her motion to reopen. The BIA noted that the report indicated that “the extent of religious freedom varied widely within the country” and that “treatment of unregistered groups varied regionally.” The BIA quoted the same words from the 2005 report when it denied Lin’s asylum claim in 2006. Although Lin argues that the BIA failed to consider additional language in the report, the BIA is not required to “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner” as long as it “has given reasoned consideration to the petition, and made adequate findings.” Wei Guang Wang v. BIA, 437 F.3d 270, 273-275 (2d Cir.2006). Thus, the BIA did not abuse its discretion in denying Lin’s motion to reopen as untimely. See Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001). Contrary to Lin’s argument, the BIA was under no obligation when a motion to reopen is untimely, to consider prima facie eligibility for relief. See 8 U.S.C. § 1229a(e)(7)(C)(ii).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is *706 DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).